IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE A. PADILLA,

    Plaintiff,                       CV F 06 0132 AWI WMW P

    vs.                              ORDER DISMISSING COMPLAINT
                                   WITH LEAVE TO AMEND

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at the California Rehabilitation Center at Norco, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at North Kern State Prison and the California Correctional Institution at Tehachapi.

       Plaintiff's claims in this complaint relate to his medical care. Plaintiff's complaint consists of a narrative statement of facts regarding the history of the medical care that is at issue. Plaintiff names as defendants the Governor, the Secretary of the California Youth and Corrections Authority, the Director of the California Department of Corrections and

1  Rehabilitation, and the Director of the Department of Clinical Health Services in the Department
2  of Corrections.
3        Under the Eighth Amendment, the government has an obligation to provide medical care
4  to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In
5  order to violate the Eighth Amendment proscription against cruel and unusual punishment, there
6  must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.  (quoting Estelle v.
7  Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether
8  medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must
9  examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must
10 determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."
11 Id. at 1132.
12       To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
13 defendant's acts or omissions caused the deprivation of his constitutionally protected rights.
14 Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
15 plaintiff must allege that: (1) a person was acting under color of state law at the time the
16 complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
17 privileges or immunities secured by the Constitution or laws of the United States.  Paratt
18 v.Taylor, 451 U.S. 527, 535 (1981).
19       The statute under which this action proceeds plainly requires that there be an actual
20 connection or link between the actions of the defendants and the deprivation alleged to have
21 been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978);
22 Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects'
23 another to the deprivation of a constitutional right, within the meaning of section 1983, if he does
24 an affirmative act, participates in another's affirmative acts or omits to perform an act which he
25 is legally required to do that causes the deprivation of which the complaint is made."  Johnson v.
26

1  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2      Plaintiff sets forth factual allegations regarding his medical care, but he does not allege specific facts indicating that the individual defendants were personally involved with Plaintiff's health care, or facts indicating that the named defendants personally knew of and were deliberately indifferent to a serious medical need of Plaintiff's. In order to state a claim for relief, Plaintiff must allege facts indicating the personal involvement of each of the named defendants.

    Further, liability may be imposed on supervisory under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not alleged that any of the defendants participated in, or knew of and failed to prevent, the alleged wrongs.

    The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

3

there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's complaint is dismissed; and

    2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 4, 2006**              /s/  William M. Wunderlich
mmkd34                                          UNITED STATES MAGISTRATE JUDGE