IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE A. PADILLA,

        Plaintiff,        CV F 06 1032 AWI WMW P

  vs.                    ORDER TO SHOW CAUSE

RODERICK HICKMAN, et al.,

        Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the California Rehabilitation Center at Norco, brings this civil rights action against correctional officials employed by the California Deparment of Corrections and Rehabilitation at North Kern State Prison and Tehachapi State Prison.

      Plaintiff claims that he subjected to inadequate medical care such that it constitutes cruel and unusual punishment. Plaintiff's statement of claim is set forth in four counts. In count 1, Plaintiff alleges "deliberate indifference to the serious medical needs of this plaintiff, during his incarceration and confinement at North Kern State Prison from December 1998 to December 2000." In count 2, Plaintiff challenges conduct at CCI Tehachapi from December of 2000 to December of 2001.

      Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues

1  when the plaintiff knows or has reason to know of the injury which is the basis of the action."
2  Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th
3  Cir. 1999).  Because section 1983 contains no specific statute of limitation, federal courts should
4  apply the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393
5  F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  Although California's
6  statute of limitations for personal injury actions was extended from one year to two years
7  effective January 1, 2003, the two-year statute of limitations does not apply retroactively to
8  claims that accrued prior to January 1, 2003, and as a result, the one-year statute of limitations
9  applies in this case.  Cal. Civ. Proc. Code § 335.1 (West 2007); Jones, 393 F.3d at 927;
10 Maldonado, 370 F.3d at 954-55.

11     In actions where the federal court borrows the state statute of limitation, the court should
12 also borrow all applicable provisions for tolling the limitations period found in state law.  Jones,
13 393 F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued
14 were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal
15 conviction  enjoy a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code § 352.1

16     The complaint in this action was filed in February of 2006.  As to the above counts, the
17 latest deadline for filing a complaint would be December of 2004.  The allegations in count1 and
18 count 2 are therefore untimely.

19     Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty
20 days of the date of service of this order, why counts one and 2 of the September 5, 2006, first
21 amended complaint should not be dismissed.

22 IT IS SO ORDERED.

23 **Dated:     January 29, 2008**                   **/s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE