IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE A. PADILLA,

        Plaintiff,        CV F 06 0132 AWI WMW PC

   vs.                       FINDINGS AND RECOMMENDATIONS

RODERICK HICKMAN, et al.,

        Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff, an inmate at the California Rehabilitation Center at Norco, brings this civil rights action against correctional officials employed by the California Deparment of Corrections and Rehabilitation at North Kern State Prison and Tehachapi State Prison.

      Plaintiff claims that he subjected to inadequate medical care such that it constitutes cruel and unusual punishment.  Plaintiff's statement of claim is set forth in four counts.  In count 1, Plaintiff alleges "deliberate indifference to the serious medical needs of this plaintiff, during his incarceration and confinement at North Kern State Prison from December 1998 to December 2000."  In count 2, Plaintiff challenges conduct at CCI Tehachapi from December of 2000 to December of 2001.

      Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues

when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. Although California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003, the two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003, and as a result, the one-year statute of limitations applies in this case. Cal. Civ. Proc. Code § 335.1 (West 2007); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1

The complaint in this action was filed in February of 2006. As to the above counts, the latest deadline for filing a complaint would be December of 2004. The allegations in count1 and count 2 are therefore untimely.

On January 29, 2008, Plaintiff was ordered to show cause, within thirty days of the date of service of this order, why counts one and 2 of the September 5, 2006, first amended complaint should not be dismissed. The thirty day period has expired, and Plaintiff has not filed a response to the order to show cause.

Accordingly, IT IS HEREBY RECOMMENDED that counts one and two of the first amended complaint be dismissed as time-barred.

These findings and recommendations are submitted to the United States District Judge

1 | assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
2 | after being served with these findings and recommendations, any party may file written
3 | objections with the court and serve a copy on all parties.  Such a document should be captioned
4 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
5 | shall be served and filed within ten days after service of the objections.   The parties are advised
6 | that failure to file objections within the specified time waives all objections to the judge's
7 | findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
8 | objections within the specified time may waive the right to appeal the District Court's order.
9 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 | IT IS SO ORDERED.
12 | **Dated:   March 5, 2008**                   /s/  **William M. Wunderlich**
                                           UNITED STATES MAGISTRATE JUDGE